IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| LUCENDA NICHOLES,<br>on behalf of herself and<br>all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMBINED INSURANCE COMPANY<br>OF AMERICA,<br><br>Defendant. | C.A. No. 5:16-cv-10203<br>(Removed from Circuit Court of Raleigh County, C.A. No. 16-C-548-K) |

**NOTICE OF REMOVAL**

Defendant, Combined Insurance Company of America ("Combined"), by undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Raleigh County, West Virginia, to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. For the short and plain statement of its grounds for removal, *see* 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Company LLC v. Owens*, 574 U.S. ---, 135 S. Ct. 547 (2014), Combined states as follows:

1. This action seeks declaratory, injunctive, and monetary relief based on alleged violations of the West Virginia Unfair Trade Practices and Consumer Credit and Protection Acts for allegedly selling supplemental insurance products to ineligible consumers.

2. On September 30, 2016, Plaintiff served her Class Action Complaint on Combined via the West Virginia Secretary of State.

3. The proposed class includes "[a]ll West Virginia residents who purchased [in the last four years] a Combined Supplemental insurance policy under which Medicaid recipients are ineligible to receive benefits under the policy." (Class Action Compl. ¶ 47.)

4. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Combined has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. In making this notice of removal, Combined specifically makes its jurisdictional allegations in accordance with *Dart Cherokee* and the decision of the United States Court of Appeals for the Fourth Circuit in *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332,' *see* Fed. R. Civ. P. 84; Fed. R. Civ. P. app. Form 2(a), so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner."). Combined specifically denies that it violated any statute or common law duties; that Plaintiff is entitled to the relief sought; or that class treatment is proper.

## I. COMBINED SATISFIES THE REMOVAL REQUIREMENTS.

6. This Notice of Removal is timely because it is filed within 30 days of the time of service of the Summons and Class Action Complaint. *See* 28 U.S.C. § 1446(b)(2)(B); *Gordon v. Hartford Fire Ins. Co.*, 105 Fed. Appx. 476, 480-81 (4th Cir. 2004); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (rejecting "receipt rule" and

holding that 30-day removal period begins to run upon formal service of summons and complaint).

7. The United States District Court for the Southern District of West Virginia embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1446(d), Combined is filing written notice of this removal with the Clerk of the state court in which the action is currently pending.

9. In accordance with 28 U.S.C. § 1446(a) and Rule 3.4(b) of the Local Rules of Civil Procedure, a copy of the docket sheet and a copy of all process, pleadings, and orders served upon Combined in the state court action are attached hereto as **Exhibit A**.

10. A copy of this Notice of Removal is being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

## II. THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT.

11. This case is subject to removal pursuant to the Class Action Fairness Act ("CAFA"), codified in, *inter alia*, 28 U.S.C. §§ 1332 & 1453. As set forth below, this is a putative class action in which, according to the allegations of the Class Action Complaint, there are: (1) 100 or more members in the Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Combined; and (3) the relief sought on behalf of the proposed class members exceeds the sum or value of $5,000,000 in the aggregate, exclusive of interests and costs. Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

12. In filing this notice of removal, Combined reserves all rights to challenge the propriety of certification under the applicable rules. Combined waives no defense to the allegations of the Amended Class Action Complaint or to class certification in making this removal. *See Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010) ("[F]ederal jurisdiction under the Class Action Fairness Act does not depend on certification."); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) (finding CAFA reaches "proposed," as opposed to actually certified, classes); *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 324-29 (5th Cir. 2008) (finding subject matter jurisdiction pursuant to CAFA while decertifying class action).

**A. The Putative Class Consists Of More Than 100 Members.**

13. In her Class Action Complaint, Plaintiff seeks to represent herself and "all others similarly situated." (Class Action Compl., intro. para.)

14. Although Plaintiff does not state the specific number of putative class members that she seeks to represent, her Class Action Complaint seeks relief on behalf of "[a]ll West Virginia residents who purchased [in the last four years] a Combined Supplemental insurance policy under which Medicaid recipients are ineligible to receive benefits under the policy."[1] (Class Action Compl. ¶ 47.)

15. Plaintiff alleges that "nearly 600,000 West Virginia residents received Medicaid benefits in 2016" and that "the number of Class Members will total in the hundreds, if not thousands." (*Id.* ¶ 48.)

---

[1] The types of policies that Plaintiff's Class Action Complaint implicates are Accident Protector, Cancer Protector, and Sickness Protector policies.

16. Since August 23, 2012 (four years before Plaintiff filed her Class Action Complaint), Combined has issued supplemental and similar insurance policies to approximately 5,895 West Virginians, who have paid at least one premium.

17. Eligibility for Medicaid may change between the time that a customer takes out a policy and submits a claim under the policy. A customer may be eligible for Medicaid when a policy is sold and remain eligible throughout the life of the policy, but a customer also may not be eligible for Medicaid when a policy is sold but may become eligible during the life of a policy (or a customer may be Medicaid-eligible at policy inception but then lose eligibility). Thus, if Plaintiff's theory of liability is correct (although it is not), the purchaser of every supplemental and similar policy sold by Combined is potentially a class member, whether or not the purchaser was Medicaid-eligible at the time the policy was issued.

18. Based on these and other allegations, the aggregate number of class members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B. Minimal Diversity of Citizenship Exists.**

19. Plaintiff alleges she is a citizen of Prosperity, Raleigh County, West Virginia. (Class Action Compl. ¶ 1.) Plaintiff similarly alleges that her home is in Beckley, West Virginia. (*Id.* ¶ 27.) Accordingly, upon information and belief, West Virginia is the state in which Plaintiff is domiciled and, therefore, the state of which she is a citizen. *See* 28 U.S.C. § 1332(a).

20. Combined is, and was at the time that Plaintiff commenced this action, a corporation incorporated under the laws of the State of Illinois with its principal place of business in Glenview, Illinois, and therefore, is a citizen of Illinois for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

21. Accordingly, at least one proposed class member (Plaintiff) and the Defendant (Combined) are diverse. *See* 28 U.S.C. § 1332(d)(2)(A) (defining diversity of citizenship under CAFA as including situations where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**C. The Amount-In-Controversy Requirement Is Satisfied.**

22. The claims of individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

23. Plaintiff's Class Action Complaint does not demand monetary relief of a stated sum. Accordingly, the removing Defendant may satisfy the removal statute by making a plausible allegation that the amount in controversy requirement has been met. 28 U.S.C. § 1446(c)(2)(A); *Dart Cherokee*, 135 S. Ct. at 554; *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F. 3d 192, 200 (4th Cir. 2008) (a removing party's notice of removal need not "meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint").

24. Plaintiff alleges that "Defendant Combined Insurance Company's conduct was and is in direct violation of numerous statutory provisions including, but not limited to the Insurance Practices Act, West Virginia Code § 33-11-1, et seq., and the Consumer Protection Statute, West Virginia Code Chapter 46A." (Class Action Compl. ¶ 79.) Plaintiff alleges that her proposed class includes persons who purchased the subject policies "in the four years preceding the filing of this lawsuit." (*Id.* ¶ 47(b); *see also, e.g.*, W. Va. Code § 46A-5-101 (providing for four-year statute of limitations on certain W. Va. Consumer Credit and Protection Act (the "WVCCPA")).)

25. Plaintiff thus seeks a broad array of relief on behalf of herself and the proposed class, including (1) a declaration that "Combined's sale of supplemental insurance products to ineligible Medicaid recipients" violates those two Acts (Class Action Compl. ¶ 81); (2) an injunction preventing Combined from selling supplemental policies to Medicaid recipients (*id.* ¶ 82); (3) money damages amounting to the total premiums paid by ineligible Medicaid recipients (*id.* ¶ 83); and (4) litigation expenses, including attorney's fees (*id.* ¶ 85). These claims meet the jurisdictional threshold for at least three reasons.

26. First, between August 23, 2012 and August 23, 2016, Combined received more than $10.5 million in premiums from West Virginians for supplemental and similar policies that Plaintiff's Class Action Complaint puts in issue.[2] Accordingly, Plaintiff's claim for money damages is for more than $10.5 million. In addition, Plaintiff and her purported class may recover annoyance and inconvenience damages for the alleged violations of the Unfair Trade Practices Act.

27. Second, as CAFA's legislative history makes clear, the value of any declaratory or injunctive relief sought by the plaintiff is calculated from the perspective of the plaintiff ***or the defendant***. *See, e.g.*, S. REP. 109-14, at 42 (2005) ("the Committee intends that a matter be subject to federal jurisdiction under [28 U.S.C. 1332(d)(6)] if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)"). In this case, Plaintiff seeks a declaration that Combined's sales of certain policies were unlawful

---

2 Combined tracks "premiums written" data but not actual "premiums received" data for the policy types put into question by Plaintiff's allegations. Premiums written amounts are very close to the amounts of actual premiums received, given the types of policies and risks insured. Accordingly, premiums written data is the closest available approximation of the amount of premiums received.

and thus Plaintiff seeks the return of premiums on those policies. If Plaintiff obtains this relief, Combined will not only have to return premiums, but it will have paid some claims on policies for which it will have not received premiums. In other words, if Plaintiff prevails, the cost to Combined includes the amount of claims payments made in the last four years on policies that are the subject of Plaintiff's Class Action Complaint (Accident Protector, Cancer Protector, and Sickness Protector policies) for which Combined will have received no compensating premium payments.

28. From four years before Plaintiff filed her Class Action Complaint to date, Combined paid out more than $4,835,000.00 in response to claims made on the policies that Plaintiff seeks to rescind. Thus, this uncompensated cost to Combined if Plaintiff prevails should be included in the amount-in-controversy calculation.[3]

29. Third, Plaintiff has asserted that she is entitled to litigation expenses, including attorney's fees, which are available to a prevailing plaintiff under, *inter alia*, the WVCCPA. *See* W. Va. Code § 46A-5-104. Thus, Plaintiff's potential attorney's fees should be included in the amount-in-controversy calculation. Federal courts, including courts in this district, have held that "attorney fees are included in calculating the amount in controversy because the [WVCCPA] expressly provides for them." *Jones v. Capital One Bank (USA), N.A.*, No. 6:09-cv-00994, 2009 WL 3335350, at *3 (S.D. W. Va. Oct. 15, 2009); *Countryman v. NCO Fin. Sys., Inc.*, No. 5:09-cv-

[3] Accordingly, Plaintiff's potential compensatory damages and the cost to Combined of Plaintiff's requested relief exceed $15 million. As stated above, determining which of the policies at issue are held by Medicaid-eligible consumers at the time that claims were or may have been made (and thus, according to Plaintiff's theory, would violate West Virginia consumer protection statutes) is not possible at this time. (*See supra* ¶ 17.) Thus, even if Plaintiff and her purported class eventually could recover only one-third of that amount, based on Plaintiff's allegation that one-third of West Virginians are eligible for Medicaid (Class Action Compl. ¶ 48), the amount-in-controversy requirement still is satisfied. Furthermore, Plaintiff's allegations regarding Combined's sales practices put many more than one-third of Combined's policies in issue. (*See id.* ¶¶ 13-17.)

00288, 2009 U.S. Dist. LEXIS 46019, at *7 n.1 (S.D. W. Va. May 27, 2009) ("Although attorneys' fees typically are not considered when assessing the amount in controversy for jurisdictional purposes, they may be considered in this case because [plaintiffs' claim under the] WVCCPA creates a 'substantive right' to recover such fees."); *see also CSX Transp., Inc. v. Gilkison*, No. 5:05CV202, 2007 U.S. Dist. LEXIS 12499, at *6-8 (N.D. W. Va. Feb. 22, 2007) (acknowledging that "attorney's fees should be included in determining the amount in controversy if the fees are provided for by statute or contract" or under the common law); *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (accepting defendant's contention that "attorneys' fees . . . are properly aggregated and considered for purposes of determining the amount in controversy under CAFA").

30. To quantify the value of attorneys' fees for jurisdictional purposes, courts routinely add one-third of plaintiffs' projected damages. *See Woods v. Nationwide Mut. Ins. Co.*, No. 5:05CV165, 2006 WL 1706040, at *2 (N.D. W. Va. June 16, 2006) (using the "presumption that reasonable attorney's fees are one-third of the policy limit" to determine amount in controversy); *McKnight v. Ill. Cent. R.R.*, 967 F. Supp. 182, 185 n.4 (E.D. La. 1997) (finding diversity jurisdiction present where "one-third of [the estimated damages] as an attorneys' fee certainly is more than enough for the amount in controversy"). Here, given the amount of compensatory damages sought by Plaintiff, potential attorneys' fees should be included in the amount-in-controversy calculation, and, as such, the jurisdictional threshold is met this way as well.

31. Accordingly, because Plaintiff and her proposed class seek compensatory damages of more than $10.5 million (*see supra* ¶ 26), which does not include the additional cost

to Combined of Plaintiff's requested declaratory and injunctive relief, attorney's fees add another $3.5 million to the amount in controversy.

32. For all of these reasons, the amount-in-controversy requirement is satisfied.

33. CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. REP. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."); *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy."); *see also Dart Cherokee*, 135 S.Ct. at 554 ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. See *Standard Fire Ins. Co.*, 568 U.S., at ___, 133 S. Ct. 1345, [1350], 185 L. Ed. 2d 439, 443 [(2005)] ('CAFA's primary objective' is to 'ensur[e] "Federal court consideration of interstate cases of national importance."' (quoting § 2(b)(2), 119 Stat. 5)); S. Rep. No. 109-14, p. 43 (2005) (CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.')."). 

WHEREFORE, Combined respectfully removes this action from the Circuit Court of Raleigh County, West Virginia, to this Court.

Respectfully submitted,
**COMBINED INSURANCE COMPANY OF AMERICA,**
**By Counsel**

/s/ John J. Meadows

John J. Meadows (W. Va. Bar # 9442)
John.Meadows@Steptoe-Johnson.com
Russell D. Jessee (W. Va. Bar # 10020)
Russell.Jessee@Steptoe-Johnson.com
STEPTOE & JOHNSON, PLLC
707 Virginia Street East, 17th Floor
Charleston, West Virginia 25301
Phone: 304.353.8000
Fax: 304.353.8180

*Counsel to Combined Insurance Company of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

LUCENDA NICHOLES,
on behalf of herself and
all others similarly situated,

Plaintiffs,

v.

COMBINED INSURANCE COMPANY
OF AMERICA,

Defendant.

C.A. No. ____________________
(Removed from Circuit Court of Raleigh County, C.A. No. 16-C-548-K)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2016, I electronically filed the foregoing **"NOTICE OF REMOVAL"** and served upon counsel to all parties by U.S. Mail, postage prepaid, to:

Damon Ellis, Esq.
MANI, ELLIS & LAYNE, PLLC
P.O. Box 1266
Charleston, WV 25325

***Counsel to Plaintiff***

/s/John J. Meadows
Russell D. Jessee (W. Va. Bar No. 10020)
russell.jessee@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 353-8180

*Counsel to Combined Insurance Company of America*